IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRANCE MOORE, | ) |
| Petitioner, | ) |
| v. | ) CV 113-040 |
| WILLIAM DANFORTH, Warden,[1] | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this petition filed pursuant to § 2254 be **DISMISSED** and that this civil action be **CLOSED**.

---

[1] Warden Barry Goodrich was previously named as Respondent in this action. The proper respondent in this case is the current warden at Petitioner's place of confinement (Telfair State Prison), William Danforth. See Rule 2(a) of the Rules Governing Section 2254 Cases. The **CLERK** is **DIRECTED** to substitute William Danforth for Barry Goodrich as Respondent in this case.

[2] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

On June 22, 2005, a Richmond County jury found Petitioner guilty of armed robbery. (Doc. no. 1, p. 4.) Petitioner received a sentence of "20 yrs., 5 yrs. Probation." (Id.) On February 7, 2008, Petitioner's conviction was affirmed on appeal. (Id.) Petitioner filed a state habeas corpus petition in the Superior Court of Coffee County on March 5, 2009. (Id.) In his state habeas petition, Petitioner raised claims of ineffective assistance of appellate counsel. (Id.) Following an evidentiary hearing, the state habeas court denied these claims on June 6, 2012. (Id. at 5.) Petitioner then unsuccessfully attempted to appeal the denial of his state habeas petition in the Georgia Supreme Court. (Id.) On March 7, 2013, the instant federal petition was filed by the Clerk of Court. (Id. at 1.) In his federal petition, Petitioner raises claims of ineffective assistance of trial and appellate counsel. (See id. at 7.)

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A.  Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's conviction on February 7, 2008. Petitioner did not file a motion for reconsideration or appeal his case to the Georgia Supreme Court. Thus, his conviction became "final" when the 10-day time period for indicating intent to seek review in the Georgia Supreme Court expired. See Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006); see also Ga. Sup. Ct. R. 38(1) (providing that party seeking review in Georgia Supreme Court must file notice of intention to apply for certiorari with the Court of Appeals of Georgia within 10 days after entry of judgment by that Court).

In the instant case, the AEDPA statute of limitations therefore began to run 10 days following the Georgia Court of Appeals affirmance of Petitioner's conviction on February 7, 2008. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in February of 2008.

### B.  Application of the Statute of Limitations

As noted above, under the AEDPA, Petitioner had one year from February of 2008 to file his federal habeas corpus petition. However, the Court recognizes that according to the

3

provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner waited over one year following the denial of his direct appeal before filing his state habeas petition on March 5, 2009. Therefore, by the time Petitioner filed his state habeas corpus petition, the one-year statue of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted supra). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

C.    **Equitable Tolling and Claims of Actual Innocence**

Similarly, Petitioner has not shown that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida,

4

560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corrs., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)); see also

5

Rozzelle v. Fla. Dep't of Corrs., 672 F.3d 1000, 1017 (11th Cir. 2012) (*per curiam*) ("To support a claim of actual innocence, a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'" (quoting Schlup, 513 U.S. at 327)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offense with which he was charged such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this petition filed pursuant to § 2254 be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of April, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE